IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**DOMINIQUE CURRY,**

      **Plaintiff,**

**v.**                                                   Case 2:11-cv-02913-SHM-cgc

**AEROTEK,**

      **Defendant.**

**REPORT AND RECOMMENDATION ON
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Aerotek's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (Docket Entry "D.E." #24). The instant motion was referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, the Magistrate Judge recommends that Defendant's Motion be converted to a Motion for Summary Judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure and that the Motion for Summary Judgment be GRANTED.

**I. Background**

Initially, the Magistrate Judge will summarize Plaintiff's pleadings and the Bankruptcy Court record.[1] Plaintiff alleges that, on or about August 5, 2011, she was discriminated against on the

---

[1] This Court may take judicial notice of and consider filings from Plaintiff's Bankruptcy Court proceeding whether it considers the instant motion as a motion to dismiss or converts it to a motion for summary judgment. *See Hamlin v. Baptist Mem. Hosp.*, No. 09-2615, 2011 WL 902351, *2 n.1 (W.D. Tenn. Jan. 27, 2011).

1

basis of sex when Aerotek terminated her employment. (Compl. ¶¶ 1, 3, 5, 9, 10). Plaintiff filed charges of discrimination with the Tennessee Fair Employment Commission and the Equal Employment Opportunity Commission ("EEOC") on August 8, 2011. (Compl. ¶ 6, 7 & Exh. 1). The EEOC issued a Dismissal and Notice of Rights to Plaintiff on August 12, 2011. (Compl. ¶ 8 & Exh. 1).

On August 15, 2011, Plaintiff filed a Petition in the United States Bankruptcy Court for the Western District. (Def.'s Memo. in Support of Mot. for Summ. J. ("Def.'s Memo."), Exh. A.) ("Petition")[2]. In Plaintiff's Petition, she was asked to complete the following information: "List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case"; Plaintiff left this question blank. (Petition at 24). Plaintiff was also asked to list any "[o]ther contingent and unliquidated claims of every nature," to which Plaintiff marked "NONE." (Petition at 9). At no point in Plaintiff's Petition did she mention her discrimination claim against Aerotek. Plaintiff declared under penalty of perjury that she read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they were true and correct. (Petition at 28). Also on August 15, 2011, Plaintiff filed a Chapter 13 Plan in the Bankruptcy Court proposing to pay $89.00 per week. (Def.'s Memo., Exh E ("Aug. 15, 2011 Proposed Plan")).

On August 19, 2011, the Bankruptcy Court entered an Order Directing Debtor(s) to Make Payments to Trustee, which required Plaintiff to pay $89.00 per week. (Def.'s Memo., Exh. F). On September 17, 2011, the Bankruptcy Court entered an Order Directing Debtor to Change Payments

---

[2] The Magistrate Judge refers to all of the collective forms in Exhibit A as Plaintiff's Petition. Exhibit A contains multiple forms that are part of Plaintiff's August 15, 2011 filing, including a "Voluntary Petition." (Petition at 3-5).

to Trustee, which altered Plaintiff's plan payments to $143.00 per week. (Def.'s Memo., Exh. H ). On October 3, 2011, the Bankruptcy Court entered a Consent Order Amending Chapter 13 Plan, which amended Plaintiff's bankruptcy plan "to include the balance of fines and costs owed to Shelby County and payable to the Clerk of General Sessions Criminal Court creditor." (Def.'s Memo., Exh. I). On October 14, 2011, Plaintiff filed her pro se Complaint with this Court.

On October 27, 2011, the Bankruptcy Court entered an Order Confirming Plain, which "confirmed" and "finalized" Plaintiff's plan to pay $143.00 per week. (Def.'s Memo., Exh. J). On November 14, 2012, Plaintiff's bankruptcy attorney filed amended property schedules in the Bankruptcy Court, which added an "[e]xpected EEOC settlement from Brother and Aerotek resulting from a discrimination suit." (Def.'s Memo., Exh. D, ("Am. Prop. Schedules" at 2, 4))[3]. Plaintiff listed the current value of the claims against Aerotek and Brother as $22,000.00. (Am. Prop. Schedules at 2, 4).

## II. Proposed Findings of Fact

Next, the Court will consider the matters outside of the pleadings presented to the Court in the instance that it decides to convert the instant motion into one for summary judgment.[4] Plaintiff

---

[3] Brother is not a named Defendant in the instant case. Plaintiff's Response to the instant motion states that "Aerotek is a temporary employment agency" and she was "obligated to Aerotek to provide services to Brother." (Pl.'s Resp. at 3). Defendant's motion refers to her action against Brother as a "related lawsuit against another company." (Def.'s Memo. at 6).

[4] Local Rule 56.1 requires the moving party to provide a "separate, concise statement of the materials facts as to which the moving party contends there is no genuine issue for trial." Plaintiff is the required to respond that the fact is undisputed, that the fact is undisputed for the purpose of ruling on the motion for summary judgment only, or that the fact is disputed. The instant motion was not accompanied by a statement of material facts, possibly because summary judgment was proposed as an alternative remedy; however, the Magistrate Judge recommends that this deficiency does not prevent the resolution of the instant motion, as the evidence presented is brief and consists of only two exhibits, and as the motion and response fully brief

filed her bankruptcy Petition on August 15, 2011 with the assistance of a law firm. (Def.'s Memo., Exh. B ("Pl.'s Dep.") at 37:18-38:13). Plaintiff admits that she read the answers provided in her Petition and understood the importance of the accuracy of her answers. (Pl.'s Dep. at 188:5-17, 192:15-193:10). Plaintiff further admits that she filed the Petition under penalty of perjury. (Pl.'s Dep. 187:18-188-9). Plaintiff admits that she responded "none"when the Petition asks her to list suits and administrative proceedings, executions, garnishments, and attachments. (Pl.'s Dep. 190:11-191:20; *see also* Petition at 24). Plaintiff with states that she did not understand the question correctly or "didn't know what this was going to lead to" because it was her "first time going through something like this." (Pl.'s Dep. at 191:21-193:11). Although Plaintiff states that she utilized a law firm to file bankruptcy, she states that she did not ask a lawyer for help in answering the question regarding the status of administrative proceedings. (Pl.'s Dep. at 191:25-192:14).

On November 13, 2012, after Plaintiff initiated the instant case, William E. Corum ("Corum"), counsel for Aerotek, took Plaintiff and her boyfriend to lunch to attempt to explain to her, in person, that her misrepresentations in Bankruptcy Court would necessitate the dismissal of her case on grounds of judicial estoppel. (Def.'s Memo., Exh. C ("Corum Aff.") ¶¶ 1, 4-5). Corum showed Plaintiff a Report and Recommendation issued by Magistrate Judge Claxton in another case involving a pro se plaintiff that he believed presented a similar issue, as well an Order issued by District Judge Anderson adopting Magistrate Judge Claxton's Report and Recommendation. (Corum Aff. ¶ 5 & Exhs. 2-3). Corum additionally sent Plaintiff an email following the meeting reiterating his belief that the claims against Aerotek would be dismissed and that, if she did not voluntarily dismiss, he would file a motion with the Court. (Corum Aff. ¶ 6 & Exh. 4). On

---

the parties' positions on the factual dispute.

November 14, 2012, following the meeting with and email from Corum, Plaintiff notified Corum that she wished to "step out on faith" and "go forward with her lawsuit." (Corum Aff. ¶¶ 7).

## III. Proposed Legal Standards

### A. *Pro Se Litigants*

The Magistrate Judge initially notes that Plaintiff is proceeding as a pro se litigant in this matter. Pleadings filed by pro se litigants are to be "construed more liberally than pleadings drafted by lawyers." *Williams v. Bowman*, 981 F.2d 901, 903 (6th Cir. 1992). While pro se litigants are afforded this less stringent standard, "pro se plaintiffs are not automatically entitled to take every case to trial . . . . [and] the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Sixth Circuit has held that there is no requirement to provide non-prisoner pro se litigants the benefit of special assistance with respect to summary judgment motions. *Brock v. Hendershott*, 840 F.2d 339, 342-43 (6th Cir. 1988); *see also United States v. Ninety Three Firearms*, 330 F.3d 414, 427–28 (6th Cir. 2003). The Court in *Brock* decided to afford pro se non-prisoner litigants no special assistance "out of a sense of fairness to other parties who choose counsel and must bear the risk of their attorney's mistakes. Thus, a litigant who chooses *himself* as a legal representative should be treated no differently." *Brock*, 840 F.2d at 343 (emphasis in original) (quoting *Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir. 1986) (internal quotation marks omitted)).

### B. *Motion to Dismiss*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most

favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

### C. *Conversion of Motion to Dismiss to Motion for Summary Judgment*

Rule 12(d) of the Federal Rules of Civil Procedure provides that a motion to dismiss may be converted to a motion for summary judgment under the following circumstances: "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." Fed. R. Civ. P. 12(d).

### D. *Summary Judgment*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although hearsay evidence may not be considered on a motion for summary judgment pursuant to *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial, *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. *Id.* at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the nonmoving party's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., *Federal Practice and Procedure* § 2727 (2d ed. 1998).

Once a properly supported motion for summary judgment has been made, "[i]f a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

. . . consider the fact undisputed for purposes of the motion . . . ." Fed. R. Civ. P. 56(e)(2). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

**III. Proposed Conclusions of Law**

   *A. Rule 12(b) or Rule 56*

As a threshold question, the Court must determine whether to consider the instant motion as a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or as a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. A district court may dismiss an action on the basis of judicial estoppel under either Rule 12(b)(6) or Rule 56. *See*, *e.g.*, *Hamlin v. Baptist Mem. Hosp.*, No. 09-2615, 2011 WL 90128, *1-2 (W.D. Tenn. Mar. 14, 2011) (granting Rule 12(b)(6) motion to dismiss on grounds of judicial estoppel); *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475-76 (6th Cir. 2010) (affirming district court's order converting Rule 12(b)(6) motion to dismiss into a motion for summary judgment and granting summary judgment on grounds of judicial estoppel). In the instant case, while Aerotek asserts that its additional exhibits are not absolutely necessary to the resolution of its motion, which it argues could be done pursuant to Rule 12(b)(6) by relying upon Plaintiff's Complaint and the bankruptcy record, Aerotek states that the exhibits do provide further information regarding the "full context in which the motion arises." The Magistrate Judge agrees that considering Aerotek's exhibits at this stage appears to be the most thorough manner to resolve the motion. Accordingly, the Magistrate Judge recommends that the exhibits presented by Aerotek not be excluded and that

the instant motion be converted to a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure.

Turning to the merits of the instant motion, the sole issue is whether Plaintiff should be judicially estopped from proceeding in the instant case due to her representations in Bankruptcy Court. Section 521(1) of the United States Bankruptcy Code mandates that debtors must file a "schedule of assets and liabilities, a schedule of income and current expenditures, and a statement of the debtors financial affairs[.]" 11 U.S.C. § 521(a)(1). Additionally, "[i]t is well settled that a cause of action is an asset that must be scheduled under § 521." *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 424 (6th Cir. 2005). This disclosure requirement is a continuing duty "and a debtor is required to disclose all potential causes of action." *Id.* (quoting *In re Costal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999).

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another place." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). Judicial estoppel "is utilized in order to preserve the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *White v.* 617 F.3d at 476 (quoting *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002)).

The United States Supreme Court identified three considerations that are typically relevant for determining if judicial estoppel should apply: (1) "a party's later position must be clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was mislead; and (3)

9

whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. at 750–51. But the Supreme Court continued, noting that the factors are not "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." *Id.* at 751. The Sixth Circuit has urged courts to apply the doctrine of judicial estoppel with caution in order to "avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement." *Eubanks v. CBSK Fin. Group., Inc.*, 385 F.3d 894, 897 (6th Cir. 2004) (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990)).

In the bankruptcy context, the Sixth Circuit reasoned that "to support a finding of judicial estoppel we must find that: (1) [a party] assumed a position contrary to the one that [the party] asserted under oath in the bankruptcy proceeding; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) [the party's] omission did not result from mistake or inadvertence." *White*, 617 F.3d at 478. To determine if conduct was the result of mistake or inadvertence, the Sixth Circuit considers whether "(1) [the party] lacked knowledge of the factual basis of the undisclosed claims; (2) [the party] had a motive for concealment; and (3) the evidence indicates an absence of bad faith." *Id.*

Plaintiff has not contested that she assumed a contrary position earlier in her bankruptcy proceeding. Instead, Plaintiff stated in her bankruptcy Petition that she had no "contingent and unliquidated claims" and no "suits or administrative proceedings." The omission of her discrimination claim against Aerotek "essentially state[s] that the [discrimination] claim did not exist" and that assertion was contrary to her "later assertion of the [discrimination] claim before the

10

district court." *White*, 617 F.3d at 479. Thus, it is recommended that there is no genuine issue of material fact as to whether Plaintiff assumed a contrary position in her bankruptcy proceeding.

Additionally, Plaintiff does not contest that the Bankruptcy Court adopted this contrary position by confirming the finalized bankruptcy plan on October 27, 2011. It is therefore recommended that there is no genuine issue of material fact as to whether the bankruptcy court adopted Plaintiff's contrary position.

Finally, it is recommended that there is no genuine issue of material fact as to whether Plaintiff's omission to the Bankruptcy Court were the result of mistake or inadvertence. Plaintiff was aware of the factual basis of her claims when she filed charges of discrimination with the Tennessee Fair Employment Commission and the EEOC on August 8, 2011. Plaintiff was further aware of her opportunity to follow her administrative charges with a suit when she received of her EEOC Notice of Right to Sue on August 13, 2011. Similarly to the plaintiff in *White*, Plaintiff had received her EEOC notice of right to sue prior to filing bankruptcy and thus "had knowledge of the factual basis of the undisclosed harassment claim, since she had already filed a complaint before the EEOC." *Id.* at 479. Yet, when Plaintiff filed her bankruptcy petition on August 15, 2011—mere days later—she did not reference either.

Additionally, Plaintiff has a motive to conceal the claim because "[i]t is always in a Chapter 13 petitioner's interest to minimize income and assets." *Lewis*, 141 F. App'x at 426. Specifically, if the discrimination claim became a part of her bankruptcy estate, then the proceeds from it could go towards paying Plaintiff's creditors instead of paying her directly. *See White*, 617 F.3d at 479. The Court finds no evidence to the contrary in Plaintiff's case and recommends that she did have a motive to conceal the claim.

Regarding an absence of bad faith, Plaintiff must demonstrate "her attempts to correct her initial omission." *Id.* at 480. Plaintiff did amend her Petition on November 14, 2012 but did so over a year after filing this case. Plaintiff's November 14, 2012 amendments were also filed only after counsel for Defendant informed Plaintiff that, if her lawsuit was not voluntarily dismissed, Aerotek would file the instant motion to dismiss. Plaintiff's actions are similar to the circumstances presented to the court in *White*, where the plaintiff only "fixed her filings after the opposing party pointed out that those filings were inaccurate." *White* 617 F.3d at 481. But in *White*, the opposing party first alerted the plaintiff that the filings inaccurate via the filing of a dispositive motion. Here, counsel for Aerotek informed Plaintiff that her bankruptcy filings were inaccurate before filing a dispositive motion, and Plaintiff elected to continue with the lawsuit.

In determining that proper notice of the inaccuracy was afforded Plaintiff, the Court looks to *Assaepa v. J.P. Morgan Chase Bank*, No. 1:11-cv-156, 2012 WL 88162 (S.D. Ohio, Jan. 11, 2012), where the plaintiffs failed to disclose their claims in their bankruptcy filings. *Id.* at *12. The court discovered that the plaintiffs were in bankruptcy and ordered the parties to address issues in the bankruptcy, including judicial estoppel in November of 2011. *Id.* at *9–10. Plaintiffs responded to the order by showing that they had amended their bankruptcy petition in October of 2011 to list their litigation claims. *Id.* at *12. The Court found that judicial estoppel was warranted because there was no prior effort to disclose the claim to the bankruptcy court, and plaintiffs did not demonstrate an absence of bad faith or inadvertence. *Id.* at *14–15.

Finally, the court notes that, even though Plaintiff eventually filed amended property schedules on November 14, 2012 to reference her claims, she did not fully amend her bankruptcy petition to list the current matter. Plaintiff only amended her Schedule B and did not amend her

12

Statement of Financial Affairs to reflect the current litigation. The Sixth Circuit in *White* did not look favorably to debtors who only partially amend their filings. *See White*, 617 F.3d at 481 ("Furthermore, she did not adequately fix those filings, but instead, only updated a part of them (so that they still did not reflect the estimated value of the lawsuit).").

**V. Conclusion**

For the reasons set forth herein, the Magistrate Judge recommends that Defendant's Motion be converted to a Motion for Summary Judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure and that the Motion for Summary Judgment be GRANTED.

**DATED** this 23rd day of May, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**